Complied

## IN THE SUPERIOR COURT OF GUAM

2014 JAN 14 PM 4: 15

TUDOR CONSTRUCTION CO., INC., and )
PHILIP C. AHN,                     )
                                   )        CIVIL CASE NO. CV0513-12
          Plaintiffs,              )
                                   )        DECISION AND ORDER
     vs.                           )
                                   )
CORE TECH INTERNATIONAL            )
CORPORATION and FIDELITY AND       )
DEPOSIT COMPANY OF MARYLAND,       )
                                   )
          Defendants.              )
_____)

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Tudor Construction Co.'s motion for partial summary judgment, filed August 30, 2013. The final brief by parties regarding this motion was filed October 21, 2013, and the Court took the matter under advisement thereafter. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On May 3, 2012, Plaintiff filed a complaint to allege nonpayment for work completed in two construction projects as a subcontractor to Defendant Core Tech International Corporation (hereinafter "CTI") where one project was guaranteed by a payment bond executed with Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity"). Plaintiff alleges that CTI owes $103,525.15 plus interest for its work on the first project for the U.S. Navy (hereinafter "Navy project"). (Complaint, 2, May 3, 2012). Plaintiff also alleges that CTI owes $232,502.49 plus interest for its work on the second project for the Guam Waterworks Authority (hereinafter "GWA project'). *Id.* at 2-3. The amount owed for work completed on the GWA project is fully insured by Fidelity's payment bond pursuant to 5 GCA § 5304. *Id.*

On November 7, 2012, Plaintiff moved to supplement its complaint with an additional claim that Fidelity has refused to pay undisputed debts in violation of a surety's good faith duty to process claims. Plaintiff's proposed supplemental complaint alleges that the parties agreed upon undisputed amounts of liability in August 2012 but that Fidelity withheld payment in bad faith and caused further damages related to creditor claims, and the emotional distress and hospitalization of Plaintiff's President. (Mot. to Add Supplemental Claims, 5-6, Nov. 7, 2012).

On January 23, 2013, CTI and Fidelity moved to amend their answers to allege a set-off defense and a breach of contract counterclaim for the GWA project. Plaintiff argues that paragraphs nine and ten of the counterclaim do not state plausible claims for relief and are therefore futile or alleged in bad faith. The proposed amended answers also deny the prior admission that $232,502.49 plus interest is owed to Plaintiff for the GWA project. Defendants assert that the prior admission was made in error and Plaintiff objects that the correction is made in bad faith and with delay that shall cause prejudice.

On April 16, 2013, the Court issued a Decision & Order granting Tudor's motion to amend the complaint in part, but denied Tudor's motion to supplement a claim for emotional distress damages. (Dec. & Order, April 16, 2013). The Court also granted CTI's motion to amend their answer. *Id.*

On August 30, 2013, Tudor filed a motion for partial summary judgment on three separate grounds: (1) there is no question of material fact that there is an undisputed amount presently due and owing to Tudor from Defendants on the GWA project; (2) CTI is not entitled to $75,940.41 in remediation costs as a matter of law regarding its counterclaim; and (3) Tudor is entitled to the amount of $103,1525.13 plus interest for Tudor's extra work performed at CTI's request on the Navy project. (Mot. Partial Summ. J., 1-2, Aug. 30, 2013). In opposition, CTI and Fidelity argue that: (1) under Guam law, an obligee of a surety agreement may not recover in tort for a surety's bad faith, and thus Tudor has failed to state a claim for relief against Fidelity for bad faith; (2) the undisputed amount allegedly owed to Tudor is in dispute and the construction subcontract authorized CTI to set-off all of the amounts asserted in its counterclaim, which amounts exceed any amounts allegedly owed to Tudor; and (3) there are

genuine issues of material fact relating to the Navy project. (CTI's Opp'n Mot., Sept. 27, 2013); (Fidelity's Opp'n Mot., Sept. 27, 2013).

## DISCUSSION

### I. Summary Judgment Standard

Guam Civil Procedure Rule 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c) (2010). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II. The Undisputed Amount as to the GWA Project

Under Guam law, in breach of contract cases "the measure of damages ... is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." 20 GCA § 2201 (2005). Stated in a different manner, "[c]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Guam Resorts Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 46 (*quoting Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20 ¶ 13). Moreover, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." 20 GCA § 2202 (2005).

In this case, Tudor argues that there is an undisputed amount owed to Tudor which would redress its losses. (Mot. Partial Summ. J., 4, Aug. 30, 2013). To calculate this amount, Tudor employees the following formula:

|               | $680, 694.91 | (Revised Subcontract Amount) |
| Multiplied by | 0.519 | (51.9% of the Project was completed by Tudor) |
| Equals | $353,280.65 | |

|               | $353,280.65 | (Calculated Above) |
| Plus | $17,110.50 | (Change Order No. 4) |
| Minus | $187,998.35 | (Amount already paid to Tudor) |
| Equals | $182.392.80 | (The "undisputed amount without setoffs) |

|               | $182.392.80 | (Calculated Above) |
| Minus | $46,517.05 | (CTI's claim for payments to subcontractors) |
| Minus | $75,940.41 | (CTI's claim for the remediation costs) |
| Equals | $59,935.34, plus interest (*i.e.*, the alleged "undisputed amount") | |

(Mot. Partial Summ. J., 4-5, Aug. 30, 2013). However, in calculating the undisputed amount under its own formula, Tudor acknowledges it will prove at trial that it is entitled to a different

amount than that used in the formula outlined above. (Mot. Partial Summ. J., 4-5, Aug. 30, 2013). This casts doubt as to the "undisputed" nature of the award.

In response, CTI disputes this calculation of the damage award and asserts that Tudor owes CTI $42,392.66. (Decl. of Thomas M. Tarpley, Jr., Exhibit 4, Aug. 30, 2013). Specifically, CTI alleges that the Subcontract authorizes set-offs of: (1) $62,700.000 in start-up and mobilization costs arising from the thirty tanks, on a per-tank basis, involved in the project, contrary to the single start-up and mobilization cost of the project employed by Tudor; (2) $12,550.00 in the rental cost of the generator set, compressor, and welder, which Tudor argues that CTI did not rent; (3) $25,000.00 in payment to I Construction; and (4) $11,900.90 in CTI's overhead, which Tudor argues is deduced from speculative accounting. (CTI's Opp'n Mot., 13-17, Sept. 27, 2013); (Mot. Partial Summ. J., 5-9, 13-15, Aug. 30, 2013).

Comparing the alleged undisputed amount produced by Tudor's calculation and the damage award calculated by CTI in favor of CTI, a genuine dispute exists as to the amount of damage award and the identity of the aggrieved party. Because Tudor failed to demonstrate there are no genuine issues of material fact as to the calculation of the damage award and the aggrieved party, it has failed to meet its burden for summary judgment. The Court must view the evidence and draw inferences in the light most favorable to the nonmovant. *Edwards*, 2000 Guam 27 ¶ 7. In this case, CTI has set forth facts and arguments relating to the damages it claims, for performing repairs and corrective work on the GWA project, upon which a rational or reasonable jury may return a verdict in its favor based on its alternative method of calculating the damage award. *Iizuka*, 1997 Guam 10 ¶ 8. For these reasons, the motion for summary judgment as to the purportedly undisputed amount owed to Tudor is denied.

III. **Bad Faith Claim Against Surety**

Under Guam law, all parties involved in the negotiation, performance, or administration of territorial contracts are required to act in good faith. 5 GCA § 5003. Tudor asserts that Fidelity, as the surety, and CTI have unreasonably withheld the payment of the alleged undisputed amounts owed to Tudor and are liable in tort for a bad faith delay in payment. (Mot. Partial Summ. J., 10-11, Aug. 30, 2013). CTI and Fidelity argue that there is no basis for

Tudor's bad faith claim because a bad faith claim against a surety is not legally recognized in Guam. (CTI's Opp'n Mot., 7-11, Sept. 27, 2013); (Fidelity's Opp'n Mot., 9, Sept. 27, 2013).

The Supreme Court of Guam has yet to address the issue of a bad faith claim against a surety. Furthermore, there is a split of authority in other jurisdictions as to whether a cause of action is available to an obligee against its surety for bad faith in the claims settlement process. *See Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So.2d 1216, 1228 (Fla. 1999). In the jurisdictions that have held that sureties could be liable in tort for bad faith delay in payment, the surety has been found to have been liable only when there was a valid claim and the surety withheld its obligations without reason. *Dodge v. Fidelity and Deposit Co. of Maryland*, 161 Ariz. 344, 347 (1989) (reasoning that "[p]ermitting a surety to withhold performance of its obligations without reason would defeat the purpose for which surety insurance is intended").

As demonstrated in the previous section, there is a genuine dispute as to the amount of damages arising from the subcontract. CTI asserts it was reasonable for CTI to delay its alleged payment obligations because it is denying the claim and is seeking damages from Tudor based upon the GWA project. Absent an undisputed (or sufficiently undisputable) showing that there was a valid claim against CTI and that CTI and/or Fidelity unreasonably delayed payment, the Court is unable to even analyze whether a bad faith cause of action against a surety is a permissible cause of action in Guam. For this reason, the motion for summary judgment as to the bad faith claim is denied.

**IV.    The Undisputed Amount as to the Navy Project**

As stated previously, "[c]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Guam Resorts Inc.*, 2013 Guam 18 ¶ 46 (*quoting Park*, 2004 Guam 20 ¶ 13). Tudor seeks summary judgment on its first claim for relief on the Navy project in the amount of $103,525.13, plus interest, for three change order requests Tudor performed at CTI's request. (Mot. Partial Summ. J., 16, Aug. 30, 2013). CTI argues that, because there are factual disputes regarding the Navy project and because DCK Pacific LLC, the prime contractor for the Navy project, and CTI are currently in

mediation regarding amounts claimed by CTI for work it performed on the project, summary judgment should be denied as to this ground. (CTI's Opp'n Mot., 17-20, Sept. 27, 2013).

Upon review, the Court finds that there is a genuine dispute as to the amount owed to Tudor under the three change order requests of the Navy project. Although Tudor claims it is owed $103,525.13 for the three change order requests, CTI asserts that it never gave a written change order to Tudor regarding the $50,759.50 claimed by Tudor for the "Gate Valve Footing" change order request and that this amount was never approved beforehand in writing, as required by the contract. (Decl. Jong Won In, 3, Sept. 27, 2013). In fact, CTI states that it rejected this change order. *Id.* This is in direct conflict with a declaration of Philip C. Ahn, the President of Tudor, who claims that the change order request was never disputed. (Decl. Philip C. Ahn, 6-7, Aug. 30, 2013). Because a genuine dispute exists as to the calculation of the damage award relating to the Navy project, summary judgment cannot be granted to this extent.

///

///

///

## CONCLUSION

Based upon the foregoing, Tudor Construction Co.'s motion for partial summary judgment is hereby DENIED.

This matter is set for further proceedings on January 22, at 9:00 a.m.

SO ORDERED this ___14th___ day of January, 2014.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JAN 1 4 2014

James R. Borja
Deputy Clerk, Superior Court of Guam

HON. JAMES L. CANTO II
Judge, Superior Court of Guam